NO. 07-03-0358-CR


 07-03-0359-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 9, 2004



______________________________




THOMAS CRAIG LYONS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NO. 16,760, 16,761; HONORABLE JERRY SANDEL, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ORDER OF ABATEMENT AND REMAND


 Appellant Thomas Craig Lyons has given notice of appeal from a conviction and
sentence in Cause Nos. 16760 and 16761 in the 258th District Court of Polk County, Texas
(the trial court), for two counts of aggravated sexual assault of a child. The appellate court
clerk has received and filed the trial court clerk's records and the trial court reporter's
record. Appellant's retained counsel filed a motion to withdraw from this case on November
24, 2003 stating that he has diligently and throughly reviewed the case, but has been
unable to discover any non-frivolous appellate arguments on behalf of appellant. In this
motion, counsel identified current deadlines and settings relevant to the case, stated
appellant's name and last known address, stated that a copy of the motion was delivered
to appellant and that appellant was notified in writing that he had a right to object to the
motion. See Tex. R. App. P. 6.5. Appellant has not filed a response to this motion.

 This appeal is abated and the cause is remanded to the trial court for further
proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. 
Upon remand, the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine the following: (1) whether to grant appellate
counsel's motion to withdraw; (2) whether appellant desires to prosecute the appeal; and
(3) if so, whether appellant is indigent and entitled to appointed counsel. If the trial court
determines that appellant is entitled to appointed counsel, the court should cause the clerk
of this court to be furnished the name, address, and State Bar of Texas identification
number of the appointed attorney.

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, recommendations and such orders as the
court may enter regarding the aforementioned issues, and cause them to be included in a
supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and
included in a supplemental reporter's record; and (4) cause the records of the proceedings
to be sent to this court. See Tex. R. App. P. 38.8(b)(3). In the absence of a request for
extension of time from the trial court, the supplemental clerk's record, supplemental
reporter's record, and any additional proceeding records, including any orders, findings,
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than January 14, 2005. 

 

 Per Curiam

Do not publish.



rnon Supp. 2005).